IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN DUKES,

     Plaintiff,                    No. CIV S-09-2918 GGH P

    vs.

B. E. JUNES, Warden, et al.,

     Defendants.         ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not filed a request to proceed in forma pauperis or paid the filing fee.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        In this case, the defendant(s) are located and the claim arose in Monterey County, which is in the Northern District of California. Therefore, plaintiff's claim should have been

1  filed in the United States District Court for the Northern District of California.  In the interest of
2  justice, a federal court may transfer a complaint filed in the wrong district to the correct district.
3  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
4  　　　　　Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
5  United States District Court for the Northern District of California.
6  DATED: November 2, 2009

/s/ Gregory G. Hollows
────────────────────────────
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kly
duke2918.21a